**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

**ISRAEL CRUZ,**

      **Petitioner,**

**v.**                                **Criminal Action No. 2:97cr117**

**UNITED STATES OF AMERICA,**

      **Respondent.**

<u>**ORDER and OPINION**</u>

This matter comes before the court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("the petition") filed by Israel Cruz ("the petitioner"), on February 9, 2005.  The petitioner, in reliance on the decision of the United States Supreme Court in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), claims that his sentence exceeded the maximum penalty permitted by law because it was based upon facts not considered by a jury or admitted by the petitioner.  The court finds, however, that it is "indisputably clear from the materials presented . . . that the petition is untimely and cannot be salvaged by equitable tolling principles."  <u>Hill v. Braxton</u>, 277 F.3d 701, 707 (4th Cir. 2002).  Furthermore, even if the court were to consider the substance of the petition, the court finds that it plainly appears from the face of the petition that the petitioner is not entitled to relief and that the petition would be subject to summary dismissal.  <u>See</u> Rule 4, Rules Governing Section 2255 Proceedings.

I. Background

In a superseding indictment returned on October 24, 1997, by a federal grand jury sitting

in the Eastern District of Virginia, the petitioner was charged with conspiracy to possess with

intent to distribute and to distribute heroin and cocaine, in violation of 21 U.S.C. § 846.

Following a trial by jury, the petitioner was convicted of this charge on January 22, 1998.  He

was sentenced on June 16, 1998 to a term of imprisonment of 250 months.  The petitioner

appealed his conviction to the United States Court of Appeals for the Fourth Circuit.  The Court

of Appeals affirmed the petitioner's conviction and sentence in an order issued on January 27,

2000.  The petitioner did not pursue a writ of certiorari from the United States Supreme Court.

On August 24, 2000, the defendant filed a motion pursuant to Federal Rule of Criminal

Procedure 12(b)(2), urging the court to dismiss the indictment in his case because of the lack of

jurisdiction.  In an order entered on October 2, 2000, the court treated this motion as a petition

for habeas corpus pursuant to 28 U.S.C. § 2255, and ordered the government to file a response.

On October 14, 2000, the petitioner wrote to the Clerk of Court requesting that the court

reconsider construing his August 24, 2000 motion as one made pursuant to section 2255.  In an

order entered on October 26, 2000, the court denied this request for reconsideration, but granted

the petitioner's request to withdraw the August 24, 2000 motion.

On January 16, 2001, the petitioner filed a petition under section 2255 to vacate his

conviction and/or sentence.  In an order entered on February 6, 2001, the court ordered the

government to respond.  The government responded on February 13, 2001, and requested that the

court order the petitioner to provide a supporting memorandum.  In an order entered on March 9,

2001, the court directed the petitioner to file a supporting memorandum within thirty (30) days of

his release from a prison medical facility.  On August 31, 2001, the petitioner wrote to the Clerk

of Court requesting that his section 2255 petition be withdrawn from reconsideration.  In an order

entered on December 7, 2001, the court granted this request and directed that the petition filed on January 16, 2001 be withdrawn.

On February 9, 2005, the petitioner filed the instant petition, which the court will construe as his first section 2255 petition.  The petitioner claims that his sentence was unconstitutionally enhanced based upon judicial fact finding, in violation of his Sixth Amendment right to a trial by jury.  He expressly relies on the Supreme Court's decision in United States v. Booker,  125 S. Ct. 738 (2005), in support of his claim.

## II. Discussion

### A. Timeliness of Petition

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack.  See 28 U.S.C. § 2255.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to section 2255.  The AEDPA includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions.  See Felker v. Turpin, 518 U.S. 651, 664 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction).  Most importantly, for purposes of addressing this petition, the AEDPA implemented a one-year limitation period applicable to the filing of section 2255 petitions.  In relevant part, section 2255 provides:

A 1-year period of limitation shall apply to a motion under this section.  The

limitation period shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The petitioner's conviction became final when the time for seeking a writ of certiorari to the Supreme Court expired. See Clay v. United States, 537 U.S. 522, 527 (2003) (noting that finality attaches when the time for seeking review expires). The petitioner's conviction and sentence were affirmed by the Court of Appeals on January 27, 2000. From the entry of the judgment of the Court of Appeals the petitioner had ninety (90) days to seek review in the Supreme Court. See Fed. R. Sup. Ct. 13. As he did not petition for a writ of certiorari, his conviction became final on or about April 26, 2000. The instant petition was filed on February 9, 2005, nearly five years after his conviction became final.

The court finds that the date that the petitioner's conviction became final is the triggering date that must be used in applying the AEDPA statute of limitation. From the motion itself, there has been no showing of any impediment by the government that would have prevented the petitioner from filing the petition at an earlier date. Nor, as explained more fully below, has the

4

Supreme Court recognized a new right and made this right retroactive on collateral review. Finally, the claims are based on facts that would have been known to the petitioner at the conclusion of his sentencing.

Ordinarily, prior to raising the issue of the AEDPA statute of limitation sua sponte, a district court must warn the petitioner that the petition is subject to dismissal absent a sufficient explanation, "unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles." Hill, 277 F.3d at 707.  The court finds that such a warning is unnecessary in this case for a number of reasons.

 First, the petitioner, in his memorandum filed in support of the petition, recognizes the impact of the one-year limitation period.  He argues, however, that his petition is timely because Booker announced a right that is retroactively applicable to cases on collateral review.  Thus, the petitioner certainly had notice of the operation of the one-year limitation and availed himself of the opportunity to argue that his petition was timely.  See Hill, 277 F.3d at 706 (indicating that notice to pro se petitioner of statute of limitations and opportunity to respond are reasons why pro se petitioner should be warned prior to court dismissing petition as untimely).  Accordingly, unlike many section 2255 petitions that this court encounters, further notice is not necessary to inform the petitioner that his section 2255 petition is subject to a one-year limitation period.

The petitioner claims that the date of the Supreme Court's decision in Booker is the triggering date for determining whether his petition is timely.  Under section 2255, a petitioner can attempt to show that the Supreme Court has announced a new rule that is retroactive to cases on collateral review.  United States v. Lilly, 342 F. Supp. 2d 532, 539 (W.D. Va. 2004).  Such a showing would enable the petitioner to restart the one-year limitation period based on 28 U.S.C.

§ 2255, paragraph 6(3).  The court finds that the rule announced in <u>Blakely v. Washington</u>, 124

S. Ct. 2531 (2004), and applied to the federal guidelines in <u>Booker</u>, has not been made

retroactively applicable to cases on collateral review and, thus, does not serve to make the

petitioner's section 2255 motion timely within the AEDPA.

Assuming that the decisions announced in <u>Blakely</u> and <u>Booker</u> announced a new rule, it is

only in a narrow class of cases that the new rule will apply retroactively to cases on collateral

review.  <u>See</u> <u>Schriro v. Summerlin</u>, 124 S. Ct. 2519, 2522 (2004).  The petitioner must either

show that the new rule is substantive, rather than procedural, or show that the new rule is a

"watershed rule of criminal procedure."  <u>Id.</u> at 2523.

There is little doubt that the rule announced in <u>Blakely</u> and extended to the federal

sentencing guidelines in <u>Booker</u> is procedural rather than substantive.  No conduct that was

forbidden prior to <u>Booker</u> is permitted today.  Moreover, the rule announced in <u>Apprendi v. New</u>

<u>Jersey</u>, 530 U.S. 466 (2000), upon which both <u>Blakely</u> and <u>Booker</u> relied, has been determined to

constitute a procedural rule that does not apply retroactively on collateral review.  <u>See</u>

<u>Summerlin</u>, 124 S. Ct. at 2523; <u>United States v. Sanders</u>, 247 F.3d 139, 151 (4th Cir. 2001)

(finding that rule announced in <u>Apprendi</u> does not apply retroactively on collateral review).

A procedural decision may be applied retroactively if it establishes one of those rare

"watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the

criminal proceeding."  <u>Summerlin</u>, 124 S. Ct. at 2523; <u>Teague v. Lane</u>, 489 U.S. 288, 311 (1989).

The rule announced in <u>Blakely</u> and <u>Booker</u> is not such a watershed change.  As the Seventh

Circuit recently described, "<u>Booker</u> does not in the end move any decision from judge to jury, or

change the burden of persuasion.  The remedial portion of <u>Booker</u> held that decisions about

sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the [S]ixth [A]mendment so long as the guideline system has some flexibility in application." McReynolds v. United States, 2005 U.S. App. Lexis 1638, *6 (7th Cir. Feb. 2, 2005).

Accordingly, the court determines that neither Blakely nor Booker apply retroactively and that these decisions cannot be used to trigger the one-year limitation period for filing a timely section 2255 petition. There is nothing in either Blakely or Booker to suggest that the Supreme Court meant to overrule the many cases holding that Apprendi does not apply retroactively on collateral review.  This determination is in line with numerous other courts that have addressed the issue of retroactivity, either in the immediate wake of the Blakely decision, or following the more recent decision in Booker.  See id.; Lilly, 342 F. Supp. at 538-39 n.5 (citing cases).  In fact, in addition to the Seventh Circuit's decision in McReynolds, each circuit that has addressed the issue of retroactivity in the wake of Booker has determined that the rule announced in that decision is not applicable on collateral review.  See United States v. Price, 400 F.3d 844, 849 (10th Cir. Mar. 8, 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. Feb. 25, 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. Feb. 17, 2005); Guzman v. United States, 2005 U.S. App. Lexis 5700, at *12 (2d Cir. April 8, 2005); Loyd v. United States, 2005 U.S. App. Lexis 8699, at *19 (3d Cir. May 17, 2005).  Thus, considering that Booker does not apply to restart the limitation period, the court determines that the one-year period began when the petitioner's conviction became final.  See 28 U.S.C. § 2255.  As the petitioner's conviction became final nearly five years prior to the filing of the instant petition, the court concludes that the petition is time-barred.

The court recognizes that it does have the authority to toll the application, under equitable principles, of the statute of limitations for a section 2255 petition.  See Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000).  The Fourth Circuit has held that the doctrine of equitable tolling is generally appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the government or where some extraordinary circumstances beyond the petitioner's control made it impossible to file the claims in a timely manner.  Id. at 330.

Principles of equitable tolling do not extend to garden variety claims of excusable neglect.  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).  As the petitioner has made no claim that a government impediment caused his failure to file a timely petition, equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001) (quoting Harris, 209 F.3d at 330).

The only claim presented in the petition is made in reliance on Booker.  As the determination that Booker is not retroactive for purposes of the statute of limitation also extends to the petitioner's substantive claim, it is clear to the court from the materials before it that there is simply no other means for this petition to be salvaged.  See Hill, 277 F.3d at 707.  Certainly the petitioner's reliance on a recent Supreme Court decision does not constitute grounds for equitable tolling.  See Harris, 209 F.3d at 330 (discussing limited grounds available for equitable tolling); see also United States v. Sosa, 364 F.3d 507,513-14 (4th Cir. 2004) (declining to overturn district court's decision to sua sponte dismiss petitioner's section 2255 motion without prior notice to petitioner because jurists of reason would not find it debatable that equitable

8

tolling was justified).  The viability of the petition depends completely on the retroactive

operation of Booker.  As this decision does not have the claimed retroactive effect, the court

finds that it is "indisputably clear" that the petitioner is untimely.  Hill, 277 F.3d at 701.

B. Summary Dismissal

The court also finds that even were this petition not ripe for dismissal on timeliness

grounds, a review of the substance of the petitioner's claim would still warrant summary

dismissal without the need for a response from the government.  Pursuant to Rule 4(b) of the

Rules Governing Section 2255 Proceedings, the court may summarily dismiss the petition "[i]f it

plainly appears from the face of the motion and any annexed exhibits and the prior proceedings

in the case that the movant is not entitled to relief in the district court."  Rule 4(b), Rules

Governing 2255 Proceedings.

The petitioner's substantive claim is based on the argument that Booker is retroactive on

collateral review.  The petitioner claims that his sentence was in excess of the statutory

maximum as his guideline range was calculated based on drug weights, the possession of a

firearm, and the defendant's leadership role - all as determined by the court during the sentencing

hearing.  The petitioner argues that the jury did not find and that he did not admit to the conduct

that was used to enhance his sentence.

As discussed above, the reason that Booker cannot serve to restart the one-year limitation

period for filing a section 2255 petition is because this decision has not been made retroactively

applicable on collateral review.  For the same reason, a petitioner whose conviction became final

long before Booker was decided cannot rely on the effect of this decision that would be available

to cases on direct review.  See Lilly, 342 F. Supp. 2d at 539 (noting that retroactivity analysis is

identical for both timely and untimely petitions).  Accordingly, as the petitioner cannot rely on the retroactive effect of <u>Booker</u>, his petition is also subject to summary dismissal.

### III. Conclusion

Pursuant to the statute of limitations prescribed in the AEDPA, the petition filed on February 9, 2005 is **DISMISSED**.  The court also concludes that even if the petition were timely, it would be subject to summary dismissal and must be **DENIED**.  Finding no substantial issue for appeal concerning a debatable procedural issue, a certificate of appealability is **DENIED**. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The petitioner is **ADVISED** that he may appeal from the denial of a certificate of appealability by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner, to the petitioner's trial counsel, and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

_____/s/_____
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 6th, 2005